LOPEZ, Associate Justice.
The sole question here presented is whether the Circuit Judge erred in setting aside a final judgment previously entered in favor of appellant, State of Florida, and against appellee, All Florida Surety Company. By the final judgment the Circuit Judge ordered that the appellant recover from the appellee the sum of $2500 which was the amount of a legally forfeited bail bond.
Appellee, All Florida Surety Company, executed an appearance bond in the sum of $2500 and conditioned for the appearance of the principal, Garnie Adkins, in the Criminal Court of Récord in and for Hills-borough County, Florida. Acting under the provisions of the Florida Statutes, the Judge of the said Criminal Court signed a certificate of forfeiture, declaring the bond forfeited for the failure of the said Adkins to appear in compliance with the condition of said bond. Within one year from said date final judgment was entered by the Circuit Judge against Adkins and the All Florida Surety Company, Surety, in the amount of the forfeited'bond.
Application, accompanied by affidavit, to set aside the said final judgment was made in accordance with Section 903.30, Florida Statutes, F.S.A. The Circuit Judge, after considering the application to set aside or modify said judgment, together with affi *400 davit and proofs submitted, set aside the said final judgment.
Under the 'circumstances shown in the pleadings the order setting aside the final judgment was not an abuse of discretion. Therefore, it should be affirmed..
Affirmed.
ROBERTS, C. J., and THOMAS and MATHEWS, JJ., concur.